UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BASIM ASMAR SHAKIR-BEY,
a/k/a James Joseph, Jr.,

Petitioner,

v.

PATRICIA ADAIR,

Respondent.

Civil File No. 00-893 (JRT/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be **SUMMARILY DISMISSED WITH PREJUDICE**, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

At the conclusion of a 1998 jury trial conducted in the state district court for Hennepin County, Minnesota, Petitioner was found guilty on multiple counts of first degree burglary and first degree criminal sexual conduct. (Petition, [Docket No. 1], p. (2), §§ 1, 2 and 4.) He was sentenced to 67½ years in state prison, and he is presently serving his

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED APR 12 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

sentence at the Minnesota Correctional Facility at St. Cloud, Minnesota.

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals. He claimed, inter alia, that his Fourth Amendment rights had been violated, because the trial court allowed the prosecution to present certain incriminating evidence that the police obtained by conducting a search that allegedly exceeded the scope of their search warrant. The Court of Appeals addressed Petitioner's Fourth Amendment claim on the merits and concluded that the trial court had properly refused to suppress the evidence in question. Petitioner's convictions were therefore affirmed. State v. Shakir-Bey, No. C1-99-358 (Minn.App. 1999), 1999 WL 1216338 (unpublished opinion). The Minnesota Supreme Court subsequently denied Petitioner's application for further review.

On April 10, 2000, Petitioner filed his present application for federal habeas corpus relief under 28 U.S.C. § 2254. The instant petition raises only one claim for relief – the same Fourth Amendment claim that was raised in Petitioner's state court appeal. For the reasons discussed below, the Court concludes that Petitioner cannot be granted habeas corpus relief on the one claim presented here, and that his petition must be summarily dismissed with prejudice.

**II. DISCUSSION**

Petitioner presently contends, as he did throughout his various state court proceedings, that "[t]he police exceeded the scope of their authority under [their search] warrant when they went to [Petitioner's] place of employment to serve him with the warrant." (Petition, p. (5), § 12.A.) According to Petitioner, the police improperly (i) detained him, (ii) obtained a photograph of him, and (iii) seized evidence from a bag that

he possessed -- all while executing the search warrant. (Id.) Petitioner claims that his convictions should be set aside because the allegedly illegal search and seizure, and the subsequent admission of the seized evidence at his trial, violated his rights under the Fourth Amendment to the Constitution.

Petitioner's Fourth Amendment claim is barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. The holding of Stone v. Powell is clearly applicable here.

Petitioner does not contend that he was deprived of a full and fair opportunity to raise his Fourth Amendment claim in his state court proceedings. Indeed, Petitioner had at least two such opportunities -- once at a pre-trial hearing on a suppression motion, and again on his direct appeal. State v. Shakir-Bey, 1999 WL 1216338 at * 1-2. It appears that both the trial court and the Minnesota Court of Appeals provided Petitioner ample opportunity to present his Fourth Amendment claim. Both of those courts fully considered Petitioner's claim, and both courts decided the search and seizure issues on the merits. Id.

While Petitioner obviously disagrees with the outcome of the state court proceedings, he does not deny that they occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claim. Thus, the resolution of Petitioner's only claim for relief in this case is simple and straightforward. Because

Petitioner received a full and fair opportunity to present his current Fourth Amendment claim in the Minnesota state courts, Stone v. Powell precludes this Court from entertaining that claim in a federal habeas corpus proceeding. The instant petition must therefore be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

(2) Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

DATED: April 12th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.