UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Basim Asmar Shakir-Bey,

Petitioner,

v.

Patricia Adair,

Respondent.

**MEMORANDUM OPINION ORDER**
Civil No. 00-893 ADM/AJB

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner's objections, filed April 24, 2000, to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") of April 12, 2000. Judge Boylan recommends that Petitioner's application to proceed *in forma pauperis* be denied and Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background pertaining to this matter is fully set forth in the R&R and is incorporated by reference for the purposes of Petitioner's present objections. See also Minnesota v. Shakir-Bey, 1999 WL 1216338 (Minn. Ct. App. Dec. 21, 1999).

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C) and

FILED MAY 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 25 2000
DEPUTY CLERK

Local Rule 72.1(c)(2).

After a *de novo* review of the record and law in this case, this Court finds that Judge Boylan's analysis and recommendations are well-reasoned and correct. Petitioner's attempt to relitigate his Fourth Amendment claim on a collateral attack of his state-court conviction is barred by Stone v. Powell, 428 U.S. 465 (1976), which holds that a state prisoner may not be granted federal habeas corpus relief if he has been given an opportunity for full and fair litigation of his Fourth Amendment claim. Petitioner objects to Judge Boylan's determination that he was given a full and fair opportunity to litigate the question in state court. Petitioner argues that the Minnesota Court of Appeals failed to address his claim that "[t]he erroneously admitted evidence was not harmless beyond a reasonable doubt." See Pet.'s Obj. at 2. Petitioner, however, provides no evidence that he presented such an argument on appeal or that such an argument was available to him. If he had not, he has failed to exhaust his state remedies and may be procedurally foreclosed from raising the issue for the first time here without a showing of cause and prejudice. See Wainwright v. Sykes, 433 U.S. 72 (1977).

Petitioner also argues that his counsel failed to pursue an appeal based on an erroneous procedural ruling by the trial judge. This objection is in essence an argument that Petitioner received ineffective assistance of counsel in violation of his Sixth Amendment rights, which has not been claimed by Petitioner in his application for habeas corpus. Even if Petitioner makes such a claim, he has not shown that his counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by the deficient performance, as required by Strickland v. Washington, 466 U.S. 668 (1984).

This Court agrees with Judge Boylan's recommendations and adopts the R&R in its

entirety. Petitioner's objections are overruled.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed *in forma pauperis* [Doc. No. 2] is **DENIED**; and

2. Petitioner's application for a writ of habeas corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: May 24, 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.