**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

BASIM ASMAR SHAKIR-BEY,

Petitioner,

v.

PATRICIA ADAIR,

Respondent.

Civil No. 00-893 (ADM/AJB)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1998 state court convictions for burglary and first degree criminal sexual conduct. (Docket No. 1.) The matter was assigned to Magistrate Judge Arthur J. Boylan, who determined that all of Petitioner's habeas claims are barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). It was therefore recommended that the petition be summarily dismissed. (Report and Recommendation, ["R&R"], dated April 12, 2000, [Docket No. 3].) After considering Petitioner's objections to the R&R, (Docket No. 5), this Court adopted the R&R and ordered that the petition be dismissed with prejudice. (Memorandum Opinion and Order dated May 24, 2000; [Docket No. 6].)

On June 13, 2000, Petitioner filed a document entitled "NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT, OR ORDER, VACATE ORDER, AND STAY PROCEEDINGS TO ALLOW PETITIONER TO SEEK STATE POST CONVICTION RELIEF. PURSUANT TO RULE 60.(b), 62, 28 U.S.C. §. 1655, OR ALTERNATIVELY, NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY TO THE COURT OF APPEALS." (Docket No. 8.) The Court understands this submission to be (i) a motion to set aside the judgment of

FILED JUN 2 0 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

dismissal entered on May 25, 2000, (Docket No. 7), (ii) an application for a Certificate of Appealability; and (iii) a Notice of Appeal. For the reasons discussed below, Petitioner's motion for relief from judgment will be denied. In addition, Petitioner's submission will be treated as a Notice of Appeal as requested,[1] but his application for a Certificate of Appealability will be denied.

**DISCUSSION**

A. The Motion For Relief From Judgment

In his "motion for relief for judgment," Petitioner is asking the Court to set aside the order that dismissed his original habeas corpus petition, so that he can add another claim to his petition -- namely an ineffective assistance of counsel claim. Such relief cannot be granted, however, because our Court of Appeals has repeatedly indicated that in habeas corpus cases, a motion seeking "Relief From Judgment Or Order," (see Fed. R. Civ. P. 60), should be treated as a second or successive application for habeas relief. Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, 521 U.S. 1123 (1997); Bolder v. Armontrout, 983 F.2d 98, 99 (8th Cir. 1992), cert. denied, 506 U.S. 1088 (1993); Blair v. Armontrout, 976 F.2d 1130, 1134 (8th Cir. 1992), cert. denied, 508 U.S. 916 (1993). This principle would seem to be particularly applicable in a situation where, as here, the habeas petitioner is seeking to add an entirely new claim to a previously dismissed petition. Because a

---

[1] In fact, the record shows that the Clerk of Court has already docketed Petitioner's recent "motion" as, inter alia, a Notice of Appeal -- which was an entirely appropriate step for the Clerk to take. See Smith v. Barry, 502 U.S. 244, 248 (1992) (notice of appeal requirements should be liberally construed); Martin v. American Family Mut. Ins. Co., 157 F.3d 580, 581 (8th Cir. 1998) ("a technically deficient document that is the functional equivalent of the required notice can serve as a notice of appeal if the document is filed within the thirty-day appeal period"); Rodgers v. Wyoming Attorney General, 205 F.3d 1201, 1204 (10th Cir. 2000) (noting that applications for a certificate of appealability are often permitted to "serve as a notice of appeal"). Thus, the Eighth Circuit Court of Appeals already has been notified that an appeal has been filed in this matter.

motion for relief from judgment is to be treated as a second or successive petition, it cannot be entertained by a district court, unless the petitioner has met the statutory pre-conditions for filing a second or successive petition. Mathenia, 99 F.3d at 1480. See also Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir.) (because a motion to "recall the mandate" is "the functional equivalent of a second or successive petition," it can be entertained "only if the case meets the exacting standards for second or successive petitions"), cert. denied, 519 U.S. 1073 (1997).

Since the enactment of the Anti-terrorism and Effective Death Penalty Act, a second or successive habeas petition cannot be entertained by a federal district court unless the petitioner has obtained pre-approval from the court of appeals for the circuit in which the district court is located. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas] application... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Because the instant Petitioner's motion for relief from judgment is the functional equivalent of a second or successive petition, the relief he is seeking, (i.e., an order vacating the judgment of dismissal and allowing him an opportunity to present new claims), cannot be granted without pre-authorization from the Eighth Circuit Court of Appeals. Petitioner has not yet obtained a pre-authorization order from the Court of Appeals, so this Court cannot grant his motion for relief from the judgment of dismissal. If Petitioner wishes to raise a new habeas claim based on ineffective assistance of counsel (or any other grounds), he will have to first seek and obtain permission to do so from the Court of Appeals, in accordance with 28 U.S.C. § 2244(b).[2]

---

[2] Petitioner is asking not only for relief from the judgment of dismissal in this case, but also for a stay order that would leave the case pending here while he returns to the state courts to exhaust his state court remedies for his ineffective assistance of counsel claim. While it appears that Petitioner's ineffective assistance claim is indeed unexhausted, that should not affect the outcome of

B. The Request For Certificate Of Appealability

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) (granting a

---

his present motion. Whether his proposed new claim is exhausted or unexhausted, it still cannot be raised in a second or successive petition without pre-approval from the Eighth Circuit. Thus, Petitioner's motion for relief from judgment cannot be granted simply because the new claim that he wants to bring happens to be an unexhausted claim.

Needless to say, Plaintiff can still attempt to raise his ineffective assistance claim in the state courts, presumably by filing a post-conviction motion in the trial court. Whether any state court could still address the merits of such a claim would have to be decided on the basis of state procedural rules.

COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner has not suggested, and the Court cannot independently discern, any basis for granting a COA. The Supreme Court's ruling in Stone v. Powell has been consistently followed by the federal courts for almost a quarter of a century, and that ruling clearly bars the claims that Petitioner has listed in his petition. Indeed, Petitioner candidly acknowledges that this Court "is correct on it's [sic] application of Stone v. Powell." (Petitioner's "Notice of Motion [etc.]," [Docket No. 8], p. 2.) It is inconceivable that any other federal court, including the Eighth Circuit Court of Appeals, would treat Petitioner's claims any differently than they have been treated here. Because Petitioner has shown no arguable basis for taking an appeal in this matter at this time, his request for a COA will be denied.[3]

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's "NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT, OR ORDER, VACATE ORDER, AND STAY PROCEEDINGS TO ALLOW PETITIONER TO

---

[3] The Court notes that if Petitioner seeks appellate review of this order, he presumably will have to either pay the full $105 filing fee for an appeal, or else seek and obtain leave to proceed in forma pauperis, ("IFP"). At present, of course, there is no IFP application before the Court, so Petitioner's eligibility for IFP status on appeal is not now before the Court and will not be decided here. It should be noted, however, that the Court finds no arguable factual or legal basis for an appeal in this matter, for the reasons discussed herein. Therefore, if Petitioner hereafter seeks leave to proceed IFP on appeal, that request will undoubtedly be denied on the grounds that the appeal is not taken "in good faith." See 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (an appeal is frivolous, and is therefore not taken in good faith, "where it lacks an arguable basis either in law or in fact").

SEEK STATE POST CONVICTION RELIEF. PURSUANT TO RULE 60.(b), 62, 28 U.S.C. §. 1655, OR ALTERNATIVELY, NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY TO THE COURT OF APPEALS," (Docket No. 8), is DENIED;

2. Petitioner's present "Motion," (Docket No. 8), shall be treated as a Notice of Appeal; and

3. Petitioner's request for a Certificate of Appealability in this matter is DENIED.

Dated: June 20, 2000

ANN D. MONTGOMERY
United States District Court Judge